IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Rowanda Denise Fralix, | ) | |
| | ) | Civil Action No. 0:13-1211-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    Plaintiff, Rowanda Denise Fralix ("Fralix"), brought this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Supplemental Security Income ("SSI") benefits under the Social Security Act ("SSA"). This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of social security cases in this district. (ECF No. 28).[1] The Report recommends that the Commissioner's decision be affirmed.

### I. Background

    Fralix filed an application for SSI in December 2009, alleging that she became unable to work on December 8, 2009, due to a back injury, pinched nerve, diabetes, arthritis, and headache. Her application was denied initially and on reconsideration by the Social Security Administration. She requested a review by an administrative law judge ("ALJ"), and an ALJ conducted a hearing on October 26, 2011.

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

On October 26, 2011, the ALJ issued a decision, finding that Fralix was not disabled as defined in the SSA. The ALJ found that Fralix suffered from one severe impairment: back disorder.[2] The ALJ went on to find that Fralix's impairments did not meet or medically equal the criteria for any of the listed impairments. Accordingly, the ALJ proceeded to assess Fralix's residual functional capacity ("RFC"), finding that Fralix could perform sedentary work with some restrictions. The ALJ stated that Fralix has no past relevant work. The ALJ concluded that she could perform other jobs in existence in the national economy in significant numbers and, therefore, denied her claim.

Fralix sought review by the Appeals Council. On March 13, 2013, the Appeals Council denied Fralix's request for review. Fralix then filed this action for judicial review. The magistrate judge filed her Report on June 17, 2014. (ECF No. 28). On June 30, 2014, Fralix filed objections to the Report (ECF No. 30), and on July 17, 2014, the Commissioner filed a reply to those objections (ECF No. 31). This matter is now ripe for review.

## II.  Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations,

---

[2] The ALJ specifically found that Fralix's diabetes, baldder dsyfunction, and headaches were not severe impairments. (ECF No. 17-2 at 11).

2

or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III.  Analysis

In her objections, Fralix contends that the magistrate judge erred by finding the ALJ properly assessed Fralix's credibility and RFC.

Fralix contends that the ALJ erred in assessing her credibility (which impacted the ALJ's RFC assessment) because the ALJ cited "only two basic reasons for doubting the severity of Ms. Fralix's symptoms: 'Overall, there has been little treatment and objective findings have been essentially mild." (Objections at 1).

While the ALJ did note that Fralix attributed her lack of treatment to lack of insurance, it does not appear the ALJ penalized Fralix for an inability to afford treatment. The record does not show that Fralix sought medical treatment and was denied due to lack of funds or that she was not able to afford any prescription drugs. Rather, Fralix testified that she was unable to get to the free clinic early enough to receive treatment. Even assuming the ALJ failed to properly develop the record on the issue of Fralix's inability to afford treatment, any error committed by the ALJ in his noncompliance analysis is ultimately harmless, given the remainder of the ALJ's credibility analysis. *See Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (harmless error

where the ALJ erred in pain evaluation because "he would have reached the same result notwithstanding his initial error"). Moreover, the ALJ also considered other factors, such as Fralix's work history was weak, that Fralix had been to physical therapy only once, and that the consultative examinations also did not support her claims. There is substantive evidence supporting the ALJ's credibility determination.

Having conducted the required de novo review of the issues to which Fralix has objected, the court finds no basis for disturbing the Report. The court concurs with both the reasoning and the result reached by the magistrate judge in her Report, and the ALJ's decision is supported by substantial evidence. Therefore, the court adopts the Report and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

August 1, 2014  
Anderson, South Carolina